UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:02-cv-324-R

LORI ANDERSON, *et al.*
                                                                              PLAINTIFFS

v.

OLD NATIONAL BANCORP &
OLD NATIONAL TRUST COMPANY                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment (Dkt #104 and #105).[1] Defendants have responded (Dkt #116), and Plaintiffs have replied (Dkt #132). This matter is ripe for adjudication. For the reasons that follow, Plaintiffs' Motion for Partial Summary Judgement is GRANTED IN PART.

**BACKGROUND**

This matter arises out of a breach of a lease. The parties to the lease are the Jones Family Trusts and Martin Marietta Materials, Inc. ("Martin Marietta"). The subject of the lease is the Jones Family Trusts' primary asset, one of the largest limestone quarries in the United States. The Plaintiffs in this case are the Jones Family Trust and Jones Family Trusts beneficiaries. The Defendants, Old National Bancorp and Old National Trust Company ("Old National") are the former trustees of the Jones Family Trusts.

---

[1] On February 1, 2008, Plaintiffs filed their Motion for Partial Summary Judgment. On February 4, Co-Plaintiffs James G. Armstrong, Lisa K. Price, Scott C. Armstrong, Amy R. Armstrong, and Jeffrey Armstrong also filed a Motion for Partial Summary Judgment, adopting and incorporating Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment filed February 1. These motions are treated as one Motion for Partial Summary Judgment.

On February 14, 1967, the settlors of the trusts entered into a ninety-nine year lease with the original Quarry operator.  On February 29, 1988, the lessor and lessee entered into an amended lease.[2]  Section 4 of the amended lease, titled "Default," deleted paragraph fourteen of the ninety-nine year lease and replaced it with a new "Default" paragraph, which includes the following language:

> Should Lessee default in any other of its obligations hereunder or under the Original Lease, then Lessor shall by written notice advise Lessee specifying such other default and if such other default is not cured within thirty (30) days from the mailing by the United States Certified or Registered Mail of such notice, then all rights of Lessee shall terminate hereunder and the Original Lease and this Lease shall be terminated.

The Lease grants the lessee the right to mine the limestone on the property.  In 1998, the trust beneficiaries learned that Martin Marietta removed and marketed approximately 2,000 cubic yards of soil from the Lease's land.  They asked Michael Neill, the trust officer for Old National who oversaw the Jones Family Trusts' operations, to terminate the lease.

Old National's attempt to terminate the lease resulted in litigation.  In a prior lawsuit, this Court found that Martin Marietta breached the lease by marketing the surface soil.  *First Nat'l Bank & Trust Co. v. Martin Marietta Materials, Inc.*, No. 5:95-cv-289 (W.D.K.Y. Feb. 8, 2000).  However, this Court held that the trustees had waived their right to terminate the lease for this breach because they accepted lease payments with knowledge and after Martin Marietta's breach of contract.  *Id.*  The Court did not address the question of whether the breach rose "to the level necessary to justify terminating the lease."  *Id.*  The Sixth Circuit affirmed the Court's decision.

---

[2] The ninety-nine year lease and the amended lease will collectively be referred to as the "Lease."

2

*First National Bank & Trust Co. v. Martin Marietta Materials, Inc.*, 22 Fed. Appx. 546 (6th Cir. 2001).

In the current lawsuit, Plaintiffs allege that Old National breached its fiduciary duties to the Plaintiffs by accepting the lease payments. Plaintiffs believe that if Old National had not accepted the lease payments, the Lease would have terminated, and the Jones Family Trusts would have been able to negotiate a new lease with more favorable terms. On June 22, 2007, this Court granted Old National's motion for "a separate trial on the issue of the materiality of Martin Marietta's breach of the Lease." In their response, Plaintiffs agreed that "a separate trial solely on the issues of materiality and of termination of the Martin Marietta lease should be ordered pursuant to Fed. R. Civ. P. 42 (assuming that materiality/termination is not determined as a matter of law)." Plaintiffs stated that the "linchpins of the case, for all parties, are the issues of materiality and whether the breach of the Martin Marietta lease at issue would have resulted in a termination of the lease."

On October 3, 2003, Plaintiffs moved for partial summary judgment, asking the Court to determine "whether Martin Marietta's breach of the Lease was material such that the Lease would have been terminated by the Court in the Prior Lawsuit." Plaintiffs argued that Old National's prior admissions either establish materiality, or at least estop Old National from arguing the breach was not material. Alternatively, Plaintiffs argued that "even if Old National was not bound by its prior judicial admissions, Martin Marietta's breach would have caused a termination of the Lease as a matter of law because the Lease's termination provisions were clearly met." The Court denied Plaintiffs' motion, determining that materiality could not be established by Old National's prior admissions and the doctrine of judicial estoppel did not

3

apply. The Court also concluded that "the question of materiality is so intertwined with factual determinations that it cannot say, at this time, as a matter of law that the breach was material." The Court did not analyze, at that time, whether the Lease required a material breach to trigger the termination clause.

On February 1, 2008, Plaintiffs filed the current Motion for Partial Summary Judgment. Plaintiffs argue that no materiality requirement is needed to terminate the lease. They contend that "the Lease must be interpreted in accordance with its plain language– the leasehold interest is terminated upon the failure of the lessee to cure "<u>any</u>" breach within thirty days." Defendants' primary response is that Plaintiffs cannot now argue that materiality is not a central issue, either because they are judicially estopped due to previous motions and representations that materiality is a central issue, because they waived any claim that materiality is not a central issue, or because their prior motions and representations constitute judicial admissions that materiality is a central issue. Plaintiffs reply that they "always left open the issue of deciding termination of the Lease as a matter of law."

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

### 1. Whether Plaintiffs Can Argue That Materiality Is Not Required

Old National argues that Plaintiffs cannot now argue that materiality is not required for termination of the lease because that argument is inconsistent with positions that they asserted in their first motion for partial summary judgment and their response to Old National's motion for separate trial.

First, Old National argues that Plaintiffs are judicially estopped from asserting that materiality of the Martin Marietta breach is not an issue. "The doctrine of judicial estoppel

forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Teledyne Indus., Inc. v. Nat'l Labor Relations Bd.*, 911 F.2d 1214, 1217 (6th Cir. 1990) (citation omitted); *see also New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court." *Teledyne*, 911 F.2d at 1218. "[J]udicial estoppel does not bar a party from contradicting itself, but from contradicting a court's determination that was based on that party's position." *Id.* at 1218 n.3. "Judicial estoppel is applied with caution to avoid impinging on the truth-seeking function of the court because the doctrine precludes a contradictory position without examining the truth of either statement." *Id.* at 1218. The doctrine of judicial estoppel does not apply here. The positions that Plaintiffs took in their first motion for partial summary judgment and their response to Old National's motion for separate trial are not clearly contrary to the argument they advance in their second Motion for Partial Summary Judgment. Besides, the Court did not make any determination on materiality based on Plaintiffs' position. Acceptance of Plaintiffs' position in this motion would not create the perception that the Court was misled, or result in inconsistent determinations. *New Hampshire*, 532 U.S. at 750-51. The Court never discussed whether a material breach is required for termination of the lease.

Second, Old National argues that Plaintiffs have waived any claim that materiality is not a central issue because in their first motion for partial summary judgment and in their response to Old National's motion for separate trial, Plaintiffs sought judicial relief that could only be required if materiality presented a central issue in this case. This argument is not supported by

the case law Old National cites. Plaintiffs did not waive their ability to argue that no materiality requirement is needed to terminate the lease.

Third, Old National argues that representations in Plaintiffs' previous filings constitute judicial admissions that materiality is a critical issue. Judicial admissions are "concessions or voluntary acknowledgments made by a party of the existence of certain facts." *Center v. Stamper*, 318 S.W.2d 853, 855 (Ky. 1958) (citation omitted). "[A] judicial admission is conclusive, in that it removes the proposition in question from the field of disputed issue, and may be defined to be a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it." *Id.* (citation omitted). Plaintiffs never admitted or stated that a material breach is necessary to terminate the lease. While they have not so plainly argued previously that materiality is not necessary, their previous filings do not constitute conclusive concessions that a material breach is required.

In sum, the Court rejects Old National's argument that Plaintiffs are precluded from arguing that any breach of the Lease would have resulted in termination.

### 2. Whether a Material Breach of the Lease is Required for Termination

"[T]he construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *Frear v. P.T.A. Indus.*, 103 S.W.3d 99, 105 (Ky. 2003) (quoting *First Commonwealth Bank v. West*, 55 S.W.3d 829, 835 (Ky. Ct. App. 2000)). "[I]n the absence of ambiguity a written instrument will be enforced strictly according to its terms." *Id.* (quoting *O'Bryan v. Massey-Ferguson, Inc.*, 413 S.W.2d 891, 893 (Ky. 1966)). If the contract is unambiguous, the Court will "interpret the contract's terms by

7

assigning language its ordinary meaning and without resort to extrinsic evidence." *Id.* If an ambiguity exists, "the court will gather, if possible, the intent of the parties from the contract as a whole, and in doing so will consider the subject matter of the contract, the situation of the parties and the conditions under which the contract was written, by evaluating extrinsic evidence as to the parties' intentions." *Id.* (internal quotation omitted). Under Kentucky contract law, a contract is ambiguous "if it is reasonably susceptible to different or inconsistent interpretations." *Transport Ins. Co. v. Ford*, 886 S.W.2d 901, 905 (Ky. Ct. App. 1994).

The Lease's termination provision, paragraph 14, states that should Martin Marietta default in "any" of its obligations, other than default in payment,[3] "all rights of Lessee shall terminate hereunder and the Original Lease and this Lease shall be terminated." The plain, unambiguous language of the Lease mandates termination for any breach. In the prior lawsuit, the Court found that Martin Marietta breached the lease. Therefore, absent waiver, the Lease would have terminated.

Old National contends that a material breach must be established to terminate the Lease. In support of this contention, Old National cites *Grassham v. Robertson*, 126 S.W.2d 1063 (Ky. 1939). *Grassham*, however, as Plaintiffs note, does not stand for the proposition that in assessing a lease with terms that allow a forfeiture for any violation a court must consider whether the alleged breach was a substantial or material breach. In *Grassham*, the court found that the lessee had not breached the lease because temporarily leasing the property to various entities in the aftermath of the 1937 flood of Paducah did not clearly constitute a sublet in violation of the lease. Here, as the Court held previously, Martin Marietta breached the terms of

---

[3] Paragraph 14 sets forth specific rules with respect to a default in payment.

the Lease.

Old National also argues that equitable considerations precluded forfeiture of the Lease. Old National cites *Ledford v. Adkins*, 413 S.W.2d 68 (Ky. 1967), for the proposition that any lease forfeiture may be unenforceable based upon equitable considerations. In *Ledford*, the court affirmed the district court's refusal to forfeit a lease for a thirteen day delay in rental payment, where the lessee was comatose when payments came due under the lease. 413 S.W.2d at 68. *Ledford* has been cited by one published opinion, *Woodrum v. Pulliam*, 453 S.W.2d 263 (Ky. 1970), which involved a failure to exercise an option within the required time. The Court finds *Ledford* unpersuasive. No extraordinary circumstances existed in this matter. After being notified of the breach, Martin Marietta had thirty days to cure the breach, or it could have filed a declaration to determine whether a breach occurred.

Defendants remaining arguments are not relevant to the determination of whether a material breach, or any breach, triggers the termination clause in the Lease.

In the absence of a forfeiting clause, forfeiture for breach of the terms of a contract is not favored. *Blue Ridge Coal Co. v. Hurst*, 244 S.W. 892, 893 (Ky. 1922). "[B]ut where the lease provides that a breach of one or more of the covenants shall work a forfeiture, the lessor may declare the forfeiture on an occurrence of the breach, even though the condition be a harsh one." *Id.*; *see also Miller Dairy Prods. Co. v. Puryear*, 310 S.W.2d 518, 521 (Ky. 1958); *Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056, 1063 (6th Cir. 1986). Here, the termination clause unambiguously states that any breach, not cured within thirty days from the mailing of the notice of the breach, shall terminate the Lease.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Dkt #104 and #105) is GRANTED IN PART. Further, the Court is aware of Defendants' pending cross-motion for summary judgment. To be clear, at this point the Court only holds that any breach triggers the termination clause in the Lease. In other words, the Lease does not require a material breach to trigger the termination clause. The Court has not yet made a determination on whether Old National was responsible for the waiver of the breach, or whether Plaintiffs can meet their burden of proof as to their remaining claims.