UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:02-cv-324-R

**LORI ANDERSON, et al.**                                                                       **PLAINTIFFS**

v.

**OLD NATIONAL BANCORP**
**and OLD NATIONAL TRUST COMPANY**                                              **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Cross-Motion for Summary Judgment (DN 120). Plaintiffs have responded (DN 133), and Defendants have replied (DN 146). This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion is GRANTED.

## BACKGROUND

Plaintiffs in this case are beneficiaries of the Charles R. Jones, Sr. Trust and the Eula Kathleen Jones Trust ("Jones Family Trusts"). Defendants Old National Bancorp and Old National Trust Company are former trustees of the Jones Family Trusts.

This matter originally arose out of a dispute concerning the breach of a lease. The parties to the lease are the Jones Family Trusts and Martin Marietta Materials, Inc. ("Martin Marietta"). The subject of the lease is the Jones Family Trusts' primary asset, one of the largest limestone quarries in the United States. On February 14, 1967, the settlors of the trusts entered into a ninety-nine year lease with the original Quarry operator. On February 29, 1988, the lessor and lessee entered into an amended lease. The ninety-nine year lease and the amended lease collectively grant the lessee the right to mine the limestone on the property.

In 1998, the trust beneficiaries learned that Martin Marietta removed and marketed approximately 2,000 cubic yards of soil from the property. They asked Michael Neill, the trust officer for Old National who oversaw the Jones Family Trusts' operations, to terminate the lease.

Defendants' attempt to terminate the lease resulted in litigation. In a prior lawsuit, this Court found that Martin Marietta breached the lease by marketing the surface soil. *First Nat'l Bank & Trust Co. v. Martin Marietta Materials, Inc.*, No. 5:95-cv-289 (W.D. Ky. Feb. 8, 2000). However, this Court held that the trustees had waived their right to terminate the lease because they accepted lease payments with knowledge and after Martin Marietta's breach of the lease. *Id.* The Court did not address the question of whether the breach rose "to the level necessary to justify terminating the lease." *Id.* The Sixth Circuit affirmed the Court's decision. *First Nat'l Bank & Trust Co. v. Martin Marietta Materials, Inc.*, 22 Fed. Appx. 546 (6th Cir. 2001).

In the current lawsuit, Plaintiffs allege that Defendants breached their fiduciary duties to Plaintiffs by accepting the lease payments. Plaintiffs believe that if Defendants had not accepted the lease payments, the lease would have terminated, and the Jones Family Trusts would have been able to negotiate a new lease with more favorable terms. On June 22, 2007, the Court granted Defendants' motion for a separate trial on the issue of the materiality of Martin Marietta's breach of the lease. On September 30, 2008, the Court granted in part Plaintiffs' Motion for Partial Summary Judgment, holding that the lease does not require a material breach to trigger the termination clause. The Court explicitly did not determine whether Defendants were responsible for the waiver of the breach, or whether Plaintiffs could meet their burden of proof as to their remaining claims.

STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co.*, 997 F.2d

150, 165 (6th Cir. 1993).

## DISCUSSION

Defendants' final argument in support of their motion for summary judgment is that Plaintiffs lack standing to assert claims against them because a trust beneficiary lacks standing to maintain a suit against a third person for injury to the trust. The Court will address this argument first.

Section 281 of the Restatement (Second) of Trusts states that "[w]here the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the trust property free of trust, the beneficiary cannot maintain an action at law against the third person, except . . . if the beneficiary is in possession of the subject matter of the trust . . . ." Restatement (Second) Trusts § 281. Comment *a* to the section explains that "[t]he interest of the beneficiary of a trust is an equitable interest, and ordinarily is protected by suits in equity rather than by actions at law." Restatement (Second) of Trusts § 281 cmt. a. With respect to an action at equity, section 282 states that "[w]here the trustee could maintain an action at law or suit in equity or other proceeding against the third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person, except . . . [i]f the trustee improperly refuses or neglects to bring an action against the third person" or "[i]f the trustee cannot be subjected to the jurisdiction of the court or if there is no trustee." Restatement (Second) Trusts § 282.

The trusts at issue in this matter grant the trustees the power to institute a legal

proceeding.[1] Therefore, pursuant to the Restatement (Second) of Trusts, Plaintiffs cannot maintain an action at law or a suit in equity against a former trustee unless Plaintiffs demonstrate that they fall within an exception to the general rule. Plaintiffs argue that the Restatement (Second) of Trusts § 214 supports a cause of action directly by a beneficiary against a trustee. The section cited by Plaintiffs, however, does not apply to the current situation because Defendants are former, not current, trustees.

Case law also supports Defendants' contention that Plaintiffs do not have standing in this matter. In Kentucky, two cases support Defendants' argument. The first, *Forester v. Werner*, 191 S.W. 884 (Ky. 1917), noted in dicta that a beneficiary would not have standing to sue a third party, rather only the trustee would. 191 S.W. at 885. In *Lovell v. Nelson*, 29 Ky. (6 J.J. Marsh.) 247 (1831), the court held that a beneficial party cannot maintain an action on a covenant to a trustee. *Id.* Plaintiffs do not cite, and the Court cannot find, any Kentucky case law holding that a beneficiary has standing to sue a third party or former trustee. The Kentucky law cited by

---

[1] Article 9, § 19 of the Charles R. Jones Trust provides:
> [T]he trustee shall have the following powers with respect to the Trust and property therein, in each case to be exercised from time to time in the discretion of the trustee and without order or license of court . . . . To prosecute and defend, and in the exercise of its sole discretion which shall be binding on all interested parties, to compromise, settle or abandon claims by or against the Trust . . . .

Section 6(g) of the Eula K. Jones Trust provides:
> In fulfillment of the aforesaid trust, the trustee shall have the following additional powers, duties and discretions: . . . . to abandon, compromise, contest and arbitrate claims and demands; to institute, compromise and defend actions at law or equity; and to take any and all steps which in its discretion are deemed necessary or advisable in the protection of the trust estate and in the protection of this trust . . . .

Plaintiffs only supports the rule that a beneficiary can sue a current trustee. Defendants, however, are former trustees. Therefore, the case law cited by Plaintiffs is inapplicable in this situation.

The Court also finds more recent case law from other jurisdictions persuasive in this matter. *See Int'l Ass'n of Fire Fighters, Local 2665 v. City of Clayton*, 320 F.3d 849 (8th Cir. 2003) (plaintiff-beneficiaries did not have standing to sue); *Godfrey v. Kamin*, 19 Fed. Appx. 435 (7th Cir. 2001) (same); *Diana Allen Life Ins. Trust v. BP P.L.C.*, No. 06-civ-14209, 2008 WL 878190 (S.D.N.Y. March 31, 2008) (same); *In re New England Mut. Life Ins. Co. Litig.*, 841 F. Supp. 345 (W.D. Wash. 1994) (same); *Levenfeld v. Clinton*, 1986 WL 4425 (N.D. Ill. Apr. 7, 1986) (same); *Slaughter v. Swicegood*, 591 S.E.2d 577 (N.C. Ct. App. 2004) (same).

For example, in *Slaughter v. Swicegood*, two individuals– Freeman and Genevieve Slaughter– created a trust. 591 S.E.2d at 579. Robert Saunders was appointed the trustee. *Id.* Before Saunders died he resigned as trustee and appointed Todd Swicegood as successor trustee. *Id.* The Slaughters became concerned the trust was being mismanaged, and so at their request Swicegood resigned and James Slaughter was appointed trustee. *Id.* at 580. Trustee Slaughter sued former trustee Swicegood and former trustee Saunders's estate. *Id.* Freeman and Genevieve Slaughter joined the lawsuit in their individual capacities as beneficiaries. *Id.* The court held that the plaintiff-beneficiaries, Freeman and Genevieve Slaughter, could not sue the former trustees. *Id.* at 582. The court explained that "[t]he common law rule provides that any injury to the property placed in a trust may only be redressed by the trustee." *Id.* (citing George G. Bogert & George T. Bogert, *The Law of Trusts and Trustees* § 869 at 112-13, 115-17 (rev. 2d ed. 1995)).

In *Godfrey v. Kamin*, two contingent beneficiaries of a trust sued the former trustees of the trust for damages, arguing that the former trustees handling of the trusts's investments was imprudent and would have turned higher profits if better managed.  19 Fed. Appx. at 436.  The court, applying Illinois trust law, held that the plaintiff-beneficiaries did not have standing to sue because their interest in the trust was derivative and the former trustees were third parties.  *Id.* at 438-39.

In *Diana Allen Life Insurance Trust v. BP P.L.C.*, express beneficiaries of a business trust which received quarterly royalty payments from an oil field's production sued the defendants for their alleged failure to maintain the oil pipeline, resulting in a pipeline spill and decline in quarterly payments to the trust.  2008 WL 878190 at *1-2.  The court found that the causes of action arising from the purported breaches of the trust agreement belonged to the trustee, not the beneficiaries.  *Id.* at *5.  The court explained that the loss flowed directly to the trust, and only indirectly to the beneficiaries.  *Id.*  Also, the court reasoned that any recovery would be returned to the trust, not to each individual plaintiff.  *Id.*

In this case, Plaintiffs assert that they have the right to recover against Defendants because their actions damaged Plaintiffs though the income payments they would have received as beneficiaries under the Jones Family Trusts.  Specifically, as stated in their First Amended Complaint, Plaintiffs believe that if Defendants had not accepted the royalty payments, the lease would have terminated, "allowing the Jones Family Trusts to obtain higher royalty payments under a new lease."  (Pls.' First Am. Compl. ¶ 47.)  In other words, Plaintiffs complain that the actions of a former trustee damaged the trusts.  The alleged damage is to the trusts directly, and only indirectly to Plaintiffs.  Any recovery would be returned to the trusts, not to each individual

Plaintiff.

Plaintiffs also argue that they should not be barred from suing for public policy reasons. They contend that if beneficiaries could not sue former trustees, then trustees could quit after they were sued, hope that a successor trustee would not sue, and then escape all liability to the beneficiaries. Plaintiffs' reasoning is inapposite because if a current trustee improperly refuses or neglects to bring an action against a former trustee then the beneficiaries to the trust may bring their own action. *See* Restatement (Second) Trusts § 282(2). Here, Plaintiffs have not submitted any evidence that the current trustee improperly refused or neglected to bring the action.

## CONCLUSION

For the foregoing reasons, Defendants' Cross-Motion for Summary Judgment (DN 120) is GRANTED. Plaintiffs do not have standing to sue Defendants in this matter. Because the Court finds that Plaintiffs do not have standing, the Court will not discuss Defendants' other arguments in support of its motion for summary judgment.

An appropriate order shall issue.