UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:02-cv-324-R

**LORI ANDERSON, et al.**                                                                                                        **PLAINTIFFS**

v.

**OLD NATIONAL BANCORP**
**and OLD NATIONAL TRUST COMPANY**                                                          **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiffs' Motion to Alter or Amend Judgment (DN 161). Defendants have responded (DN 162), and Plaintiffs have replied (DN 166). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion is GRANTED.

## BACKGROUND

Plaintiffs are beneficiaries of the Charles R. Jones, Sr. Trust and the Eula Kathleen Jones Trust ("Jones Family Trusts"). Defendants Old National Bancorp and Old National Trust Company are former trustees of the Jones Family Trusts.

This matter originally arose out of a dispute concerning the breach of a lease. The parties to the lease are the Jones Family Trusts and Martin Marietta Materials, Inc. ("Martin Marietta"). The subject of the lease is the Jones Family Trusts' primary asset, one of the largest limestone quarries in the United States. On February 14, 1967, the settlors of the trusts entered into a ninety-nine year lease with the original Quarry operator. On February 29, 1988, the lessor and lessee entered into an amended lease. The ninety-nine year lease and the amended lease collectively grant the lessee the right to mine the limestone on the property.

In 1998, the trust beneficiaries learned that Martin Marietta removed and marketed approximately 2,000 cubic yards of soil from the property.  They asked Michael Neill, the trust officer for Old National who oversaw the Jones Family Trusts' operations, to terminate the lease.

Defendants' attempt to terminate the lease resulted in litigation.  In a prior lawsuit, this Court found that Martin Marietta breached the lease by marketing the surface soil.  *First Nat'l Bank & Trust Co. v. Martin Marietta Materials, Inc.*, No. 5:95-cv-289 (W.D. Ky. Feb. 8, 2000).  However, the Court held that the trustees had waived their right to terminate the lease because they accepted lease payments with knowledge and after Martin Marietta's breach of the lease.  *Id.*  The Court did not address the question of whether the breach rose "to the level necessary to justify terminating the lease."  *Id.*  The Sixth Circuit affirmed the Court's decision.  *First Nat'l Bank & Trust Co. v. Martin Marietta Materials, Inc.*, 22 F. App'x 546 (6th Cir. 2001).

In the current lawsuit, Plaintiffs allege that Defendants breached their fiduciary duties to Plaintiffs by accepting the lease payments.  Plaintiffs believe that if Defendants had not accepted the lease payments, the lease would have terminated, and the Jones Family Trusts would have been able to negotiate a new lease with more favorable terms.  On June 22, 2007, the Court granted Defendants' motion for a separate trial on the issue of the materiality of Martin Marietta's breach of the lease.  On September 30, 2008, the Court granted in part Plaintiffs' Motion for Partial Summary Judgment, holding that the lease does not require a material breach to trigger the termination clause.  The Court explicitly did not determine whether Defendants were responsible for the waiver of the breach, or whether Plaintiffs could meet their burden of proof as to their remaining claims.

On March 25, 2009, the Court granted Defendants' Motion for Summary Judgment,

concluding that Plaintiffs did not have standing to sue Defendants in this matter because Defendants are the former trustees of the Jones Family Trusts.  Defendants now move to alter or amend that decision pursuant to Federal Rule of Civil Procedure 59(e).

## STANDARD

A court may grant a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e) "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted).  "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.*  A Rule 59(e) motion does not provide plaintiffs another opportunity to argue the merits of their case.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## DISCUSSION

Both parties addressed the standing issue sparingly during the summary judgment stage of this action.  Defendants argued that Plaintiffs lacked standing to assert claims against them because a trust beneficiary lacks standing to maintain a suit against a third person for injury to the trust.  Citing the Restatement of Trusts, sections of the Charles R. Jones Trust and Eula K. Jones Trust, and Kentucky law, Defendants contended "that only the trustees have the power to bring a lawsuit against a third party for harm or damage to the trusts."  Plaintiffs' response concentrated on why a beneficiary does have standing to maintain a suit against a current trustee, and did not substantively address Defendants' argument that Plaintiffs no longer had standing

3

because Defendants are former trustees.

Plaintiffs now argue that the question of standing raised by Defendants is actually a question of whether Plaintiffs are the real parties in interest under Federal Rule of Civil Procedure 17.  As the Sixth Circuit has noted, "[f]requently, attorneys and courts confuse the concepts of standing with that of capacity to sue and with the real party in interest principle." *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992).  "The determination of whether a plaintiff has standing requires a court to evaluate whether and to what degree the party has personally suffered harm or threatened harm, whether that harm or threatened harm can be fairly traced to the defendant's alleged illegal conduct, and whether the plaintiff's alleged harm is likely to be redressed by the relief he requests."  *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1086 (6th Cir. 1989).  Though not susceptible of precise definition, the Supreme Court has stated that this harm or "injury in fact" must be "concrete and particularized" and "'actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

The Court finds that Plaintiffs meet the minimum constitutional standing requirement. Plaintiffs assert that they have the right to recover against Defendants because their actions damaged Plaintiffs though the income payments they would have received as beneficiaries under the Jones Family Trusts.  This harm is concrete and particularized, not hypothetical.  While the alleged harm is to the trusts directly, and only indirectly to Plaintiffs, it is fairly traceable to Defendants' alleged conduct.  Finally, there is no constitutional bar to the redress Plaintiffs seek, an award of damages directly to them.

This finding, however, does not end the Court's analysis.  As stated in Rule 17(a), "[a]n

4

action must be prosecuted in the name of the real party in interest." "[T]he real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Certain Interested Underwriters v. Layne*, 26 F.3d 39, 42-43 (6th Cir. 1994). "The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Id.* at 43.

The real party in interest principle is related to, but different than the concept of standing. *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002); *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1147 (6th Cir. 1975). "Standing is similar to the real party in interest rule inasmuch as both terms are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1542 (1990). Standing usually applies to "suits brought by individuals or groups challenging governmental action," while "the real party in interest question is raised in those much rarer instances between private parties where a plaintiff's interest is not easily discernable." *Malamud*, 521 F.2d at 1147. *But see DeMarco v. Ohio Decorative Prods., Inc.*, No. 92-2294, 1994 WL 59009, at *8 n.4 (6th Cir. Feb. 25, 1994) (finding standing doctrine analysis applicable in suits where debtor seeks to enforce interest vested in trustee in bankruptcy).

Upon reexamination, the Court finds that Defendants' original standing argument in support of their motion for summary judgment is, in essence, a real party in interest argument.[1]

---

[1] In their response to Plaintiff's Motion to Alter, Defendants cite *Firestone* and argue that Plaintiffs also lack capacity to sue. In *Firestone*, the Sixth Circuit found that the beneficiaries lacked capacity to bring claims on behalf of the trust. 976 F.2d at 284. Here, however, Plaintiffs do not seek to bring claims on behalf of the trust– they seek to bring claims on their own behalf. Thus, capacity is not the proper framework in which to analyze Defendants' argument that

5

The crux of Defendants argument was that "only the trustees have the power to bring a lawsuit against a third party for harm or damage to the trusts." (Defs. Br. Summ. J. 54.) While some courts have used the word "standing" in determining whether a beneficiary has the power to bring a suit against a third party, *see* Mem. Op., Mar. 25, 2009, this Court believes that once constitutional standing is satisfied the proper inquiry is whether the beneficiary is the real party in interest.

According to Rule 17(a), "[t]he Court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Generally, "'[a] Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.'" *Zurich*, 297 F.3d at 534 (Gilman, J., concurring) (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)). This rule, however, is meant "to protect the defendant against a subsequent action by the party actually entitled to recover," Rule 17 advisory committee notes (1966), and therefore may be waived. *See, e.g.*, *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1080 (11th Cir. 2003); *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996); *Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982); *Audio-Visual Mktg. Corp. v. Omni Corp.*, 545 F.2d 715, 719 (10th Cir. 1976); *Fox v. McGrath*, 152 F.2d 616, 618 (2d Cir. 1946).

Plaintiffs argue that Defendants have waived any real party in interest objections. First, Plaintiffs state that Defendants failed to plead a real party in interest defense in its amended

---

Plaintiffs are not the proper party before the Court.

answer to Plaintiffs' amended complaint.  Second, Plaintiffs argue that Defendants waited over two and a half years from the time they were no longer trustees of the Jones Family Trusts to make their first argument that Plaintiffs did not have standing.  Third, Plaintiffs contend that in response to their motion to join an additional seven beneficiaries, Defendants never argued that the new beneficiaries did not have standing.  Fourth, Plaintiffs note that Defendants moved for bifurcation a year and a half after they were no longer trustees.  Defendants respond that Plaintiffs waived the waiver argument by not raising it in response to Defendants' motion for summary judgment.

   Initially, the Court finds that Plaintiffs did not waive the waiver argument by not raising it in their response to Defendants' motion for summary judgment because Defendants' argument was only framed in terms of standing.  Defendants did not cite Rule 17 nor did they use the phrase "real party in interest."  While the Court now finds that Defendants' standing argument was, in essence, a real party in interest argument, Plaintiffs cannot be faulted for not addressing it as such in their response.

   More importantly, the Court finds that Defendants waived any real party in interest objections.  Even if the Court construes Defendants' standing argument as a real party in interest objection, it was made over two and a half years from the time they were no longer trustees of the Jones Family Trusts.  Defendants filed their amended answer, responded to the joinder of additional beneficiaries, and moved for bifurcation without ever arguing that Plaintiffs were no longer the real party in interest.  When they raised this issue it was framed as a standing argument in the final few pages of a fifty-six page motion for summary judgment.  Both parties have expended significant resources in the course of this lawsuit, which was filed in 2002,

including many resources since 2005, when Plaintiffs arguably lost their status as real parties in interest. The Court was reluctant to dismiss the case previously, but mistakenly believed it was required to due to a lack of standing. Therefore, to prevent manifest injustice, and in the interest of efficiency, the Court will alter its prior order.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Court's March 25, 2009 Memorandum Opinion (DN 159) and Order (DN 160) are VACATED;

2. The case be reopened;

3. Plaintiffs Motion for Joinder of BOK (DN 165) is VACATED;

4. Defendants' Cross-Motion for Summary Judgment (DN 120) is VACATED; Defendants may file a new motion for summary judgment that does not include issues already resolved by the Court;

5. All dispositive motions are due by August 28, 2009, with responses due by September 28, 2009, and replies due by October 14, 2009; the moving party shall notify the Court by letter, with copy to opposing counsel, when the motion is ripe;

6. Motions must comply with LR 7.1(d);

7. A telephonic conference is set for December 1, 2009 at 11:30 a.m.; the Court will place the call; if the parties desire a conference sooner they may contact Kelly Harris, Courtroom Deputy.