# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:02-cv-00324-R

**LORI ANDERSON, et al.**                                                                 **PLAINTIFFS**

**v.**

**OLD NATIONAL BANCORP**
**and OLD NATIONAL TRUST COMPANY**                                        **DEFENDANTS**

## OPINION & ORDER

This matter comes before the Court upon Plaintiffs' Motion in Limine to Exclude Deponent Neill's Errata Sheets (DN 138). Defendants Old National Bankcorp and Old National Trust Company (collectively "ONB") have responded (DN 142) and Plaintiffs have replied (DN 148). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion is DENIED.

ONB's trust officer Michael Neill was deposed in this matter on July 2, 2003. By agreement of the parties, the deposition was continued and recommenced on September 18, 2003. On or about September 29, 2003, the court reporter made transcripts of Volume I and Volume II of Neill's deposition available to Neill for review. On October 23, 2003, Neill's Deponent Certification, along with his changes, were mailed to the court reporter. Both volumes of the deposition were filed with the attached corrections on November 17, 2003.

In the present motion, filed on July 3, 2008, Plaintiffs argue for the first time that Neill's changes should be excluded from the evidence and not considered by the Court in summary judgment. Plaintiffs rely on Federal Rule of Civil Procedure 30(e), which provides as follows:

> On request by the deponent or a party before the deposition is completed, the
> deponent must be allowed 30 days after being notified by the officer that the

> transcript or recording is available in which: (A) to review the transcript or recording; and (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

The Court finds that Neill complied with Rule 30(e). First, there is sufficient evidence to show that Neill requested to review and make changes to the transcript. The final pages of both volumes of the deposition transcript state "DEPOSITION TO BE READ AND SIGNED BY DEPONENT." ONB's counsel submitted that his normal practice is to request review and signature of deposition transcripts. The September 29, 2003, letter from the court reporter to ONB's counsel indicates request for review was made because it directs Neill to carefully review and sign the certification pages, and note any changes on the attached Errata sheets. Finally, both volumes were actually filed with the corrections made by Neill. Also importantly, Plaintiffs made no objections to these changes until over four and a half years later.

Second, Neill submitted the changes within thirty days after both volumes were made available for him to review. Even though he may have been provided with a copy of his July 2 deposition transcript to review in preparation of the continuation of the deposition on September 18, the court reporter did not provide transcripts for review and changes until September 29, 2003. Neill responded to this letter within the thirty-day limit on October 23, 2003. Again, Plaintiffs made no objections to the timing of these submissions until nearly five years later.

Moreover, on November 17, 2003, the court reporter placed Neill's sealed deposition in Plaintiffs' counsel's custody. The letter from the reporter stated that it "is being filed . . . With corrections (see attached Supplemental)." If Plaintiffs objected to the officer filing the transcript with corrections, they were required to promptly move to suppress. Fed. R. Civ. P. 32(d)(4). To

2

the extent they are now, over four and a half years later, objecting to the filing of the transcript with corrections, this objection was waived.

In sum, for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion in Limine to Exclude Deponent Neill's Errata Sheets (DN 138) is DENIED.